**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AUDRA E. CRONAUER REVOCABLE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 24-cv-50057 |
| v. | ) ) | |
| LIBERTY SURPLUS INSURANCE CORPORATION d/b/a LIBERTY MUTUAL, ALI JAFARIE and COMSEARCH, INC. | ) ) ) ) ) | Removed from the Circuit Court of Dekalb County, Illinois, Case No. 24-LA-01 |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendant, LIBERTY SURPLUS INSURANCE CORPORATION d/b/a LIBERTY MUTUAL ("Liberty Mutual") (Incorrectly sued as Liberty Mutual), hereby removes this action to the United States District Court for the Northern District of Illinois. In support of its notice of removal, Defendant, Liberty Mutual states the following:

**State Court Action & Timely Removal**

1. On January 2, 2024, Plaintiff, Audra E. Cronauer Revocable Trust ("AECRT") filed Case No. 24-LA-000001 in the Circuit Court of Dekalb County, Illinois. (A true and accurate copy of Plaintiff's complaint is attached and incorporated as Ex. 1)

2. In its complaint, Plaintiff lodges three (3) causes of action against Defendant arising out of Liberty Mutual's investigation and adjustment of an automobile liability insurance claim. (Ex. 1).

3. Specifically, Plaintiff alleges that its real property was damaged when Liberty Mutual's insured driver lost control of her vehicle and impacted Plaintiff's structure. (Ex. 1, ¶2)

Plaintiff further alleges that Liberty Mutual's adjustment and settlement of the automobile liability claim gives rise to causes of action for declaratory judgment, common law fraud and promissory estoppel. (Ex. 1, ¶¶ 1-28)

4. Plaintiff's counsel emailed a file-stamped copy of the state court complaint to Liberty Mutual's adjuster on January 4, 2024:

> **From:** Nicholas Cronauer <NC@cronauerlaw.com>
> **Sent:** Thursday, January 04, 2024 4:53 PM
> **To:** Forbes, Michelle <Michelle.Forbes@libertymutual.com>
> **Subject:** {EXTERNAL} Re: Re: Re: Claim # 241456610
>
> I will get a cancelled check from the bank. There is also a fraud claim that will have to be settled and paid above and on top of the $17,000ish owed, plus taxable costs. Filed complaint attached.

5. Therefore, "receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" occurred on January 4, 2024 and the removal, which is occurring within 30 days thereof is timely under 28. U.S.C. § 1446(b)(1).

## Complete Diversity Exists

6. At all times relevant, Plaintiff was and is a revocable trust organized and existing under the law of the State of Illinois and the Illinois Trust Code, 760 ILCS 3/101. (Ex. 1)

7. For purposes of diversity jurisdiction, the citizenship of a trust is determined by the citizenship of the trustee. *See*, America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072 (1992) (citizenship of trust, for federal diversity purposes, is citizenship of trustee or trustees)

8. At all times relevant, Attorney Nicholas Cronauer was the trustee of the Plaintiff-trust, AECRT.

9. At all times relevant, Attorney Nicholas Cronauer was an Illinois domiciliary, who resided and worked in Dekalb County, Illinois and was and is a citizen of the State of Illinois.

2

10. While the complaint names "Liberty Mutual" as a defendant, the same is a trade name and not a legal entity. The proper insuring-entity, Defendant, Liberty Surplus Insurance Corporation d/b/a Liberty Mutual is the party that issued the underlying policy of insurance that is the subject of Plaintiff's complaint and is therefore the correct Defendant. (See, Declarations page of at-issue contract of insurance, attached hereto and incorporated herein as Ex. 2)

11. At all times relevant, Defendant, Liberty Surplus Insurance Corporation was a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Therefore, for jurisdictional purposes, Defendant, Liberty Surplus Insurance Corporation d/b/a Liberty Mutual is a citizen of both New Hampshire and Massachusetts.

12. Co-defendant, Comsearch, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. Therefore, for jurisdictional purposes, Defendant Comsearch is a citizen of Rhode Island.

13. Co-defendant, Ali Jafarie was at all times relevant, a Georgia domiciliary, who resided and worked in Georgia and was and is a citizen of the State of Georgia.

14. The underlying lawsuit is between a plaintiff-citizen of Illinois and defendant-citizens of New Hampshire, Massachusetts, Rhode Island and Georgia and therefore complete diversity exists between the parties pursuant to 28. U.S.C. § 1332(a)(1).

## Consent of Co-Defendants

15. Pursuant to 28 U.S.C. 1441(b)(2), the co-defendants, Comsearch, Inc. and Ali Jafarie consent to the removal of this matter. (See, true and accurate copies of the consent to removal are attached and incorporated as Exs. 3 and 4)

**Amount in Controversy Satisfied**

16. While not expressly stated in the body of its complaint, the amount in controversy is at least $104,472.48, exclusive of interests and costs.

17. 28 U.S.C. 1446(c)(2)(A)(ii) permits a defendant to assert the amount in controversy where the amount is not stated in the state court pleading.

18. Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Barbers, Hairstyling For Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997).

19. When the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims, a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) *citing* Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir.2004).

20. The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy. "It must appear to a legal certainty that the clam is really for less than the jurisdictional amount to justify dismissal." Barbers, 132 F.3d 1205.

21. Plaintiff's complaint itemizes at least $17,412.08 in property damage payments it claims are owed. (Ex. 1, ¶ 11)

22. The complaint also seeks a punitive damage award in Count Two for common law fraud. (Ex. 1, Count 2, Prayer for Relief).

23. Punitive damages may be included to satisfy the amount in controversy where the underlying claim provides for them. Stephens v. Navient Sols. Inc., 2016 WL 6804560, at *5 (N.D. Ill. Nov. 16, 2016).

24. In Illinois, punitive damages are available in conjunction with a common law fraud count. Resol. Tr. Corp. v. S & K Chevrolet, 868 F. Supp. 1047, 1062 (C.D. Ill. 1994); *see also* Ciampi v. Ogden Chrysler Plymouth, Inc., 262 Ill. App. 3d 94, 112, 634 N.E.2d 448, 461 (1994) (affirming award of punitive damages on common law fraud count)

25. Illinois courts have affirmed punitive damage awards reflecting multipliers greater than five. *See*, Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011). The Supreme Court has also "suggested that a larger (but still single digit) ratio could be" constitutional. State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003); *see also* Palanti v. Lawble, Inc., 2024 WL 83353, at *7 (N.D. Ill. Jan. 8, 2024).

26. Accordingly, and even using a conservative 5:1 single digit, judicially accepted multiplier, a punitive component would entail a potential award of at least $87,060.04 (applying 5:1 multiplier to $17,412.08 in alleged unpaid property damages, Ex. 1, ¶ 11)

27. A good faith estimate of the stakes at issue includes $17,412.08 in property tort damages and a common law fraud punitive component of $87,060.04, for a minimum amount in controversy of $104,472.48.

28. Therefore, the amount in controversy exceeds $75,000 and satisfies 28. U.S.C. § 1332(a)(1).

## Notice to Plaintiff and State Court

29. Promptly after filing this Notice of Removal, Defendant will give written notice thereof to Plaintiff and the Clerk of the Circuit Court of DeKalb County, Illinois. (See, Notice to State Court and Plaintiff, attached hereto as Ex. 5).

30. Defendant demands a trial by jury on all issues triable by jury.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendant, LIBERTY SURPLUS INSURANCE CORPORATION d/b/a LIBERTY MUTUAL, removes this case to the United States District Court for the Northern District of Illinois, for all further proceedings in this matter.

Respectfully Submitted,

**LIBERTY SURPLUS INSURANCE CORPORATION d/b/a LIBERTY MUTUAL**

By: /s/ James P. DuChateau, Esq.
One of its attorneys

James P. DuChateau, Esq. / ARDC 6298091
HEPLER BROOM, LLC
70 W. Madison St., Ste. 2600
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email: james.duchateau@heplerbroom.com
***COUNSEL FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I, James P. DuChateau, hereby certify that on February 2, 2024 a true and correct copy of ***Defendant Liberty Surplus Insurance Corp. d/b/a Liberty Mutual's Notice of Removal*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have heretofore appeared in this matter.

/s/ James P. DuChateau